UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD W. SEELEY,                  )
       Petitioner     )
         V.                )  Civ. No. 05-40110-JLT
                       )
DAVID L. WINN,                     )
       Respondent.    )
                       )

GOVERNMENT'S RESPONSE AND OPPOSITION
TO EDWARD W. SEELEY'S HABEAS PETITION

I.   Introduction

A convicted bank robber, Edward Seeley, who is serving a lengthy prison sentence imposed by the Honorable Rya W. Zobel, has filed a habeas petition which he has labeled a motion pursuant to 28 U.S.C. §2241. In fact, this §2241 petition is really a 28 U.S.C. §2255 petition because Seeley is attacking the validity, rather than the execution, of his sentence.  See, United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999)("Federal prisoners are permitted to use §2241 to attack the execution, rather than the validity, of their sentences...). Petitioner Seeley, who has already unsuccessfully filed two previous §2255 petitions, is now mislabeling his motion because he has not, and cannot, meet the second and successive gate-keeping provision of §2255.

Seeley's petition is entirely based on the incorrect proposition that Crawford v. Washington, 541 U.S. 36 (2004), is retroactive in its effect and application.  The case law is

overwhelmingly to the contrary - <u>Crawford</u>'s decision regarding trial hearsay testimony and the Confrontation Clause of the Sixth Amendment is **not** retroactive and, hence, provides no basis for relief for Seeley. <u>Murillo v. Frank</u>, 402 F.3d 786, 789-91 (7th Cir.2005); <u>Dorchy v. Jones</u>, 398 F.3d 783, 788 (6th Cir. 2005); <u>Mungo v. Duncan</u>, 393 F.3d 327, 336 (2nd Cir. 2004); <u>Brown v. Uphoff</u>, 381 F.3d 1219, 1227 (10th Cir. 2004).[1]  The First Circuit, in an unpublished opinion, cited <u>Murillo</u> on this issue and stated that "[i]t is doubtful that <u>Crawford</u> applies retroactively to cases on collateral review."  <u>McGonagle v. United States</u>, 137 Fed.Appx. 373, 380 (1st Cir. 2005).

## II.  <u>Factual Background</u>

In April of 1983, two banks were robbed in Massachusetts - one in Lowell and one in Fall River.  Subsequently, four individuals (Edward Seeley, Vincent MacPherson, James Bramble and Michael Fields) were convicted for their roles in these crimes. Defendant Seeley was convicted after his codefendants had been prosecuted because Seeley was not apprehended until October of 1987.  The First Circuit has denied all the appeals arising from these prosecutions and has discussed the underlying facts in great detail. <u>United States v. Bramble</u>, 925 F.2d 532 (1st Cir.), <u>cert. denied</u>, 501 U.S. 1222 (1991); <u>United States v. Seeley</u>, 892

---

[1] Only the often reversed Ninth Circuit has held otherwise. <u>Bockting v. Bayer</u>, 399 F.3d 1010, 1021 (9th Cir. 2005).

F.2d 1 (1st Cir. 1989); <u>United States v. Fields, et al.</u>, 871 F.2d 188 (1st Cir.), <u>cert. denied</u>, 493 U.S. 955 (1989).  As noted by then Circuit Judge Breyer in <u>Seeley</u>, the defendant Edward Seeley "was convicted, in essence, of having masterminded the bank robbery scheme."  892 F.2d at 1.  Significantly, the First Circuit in <u>Seeley</u> also rejected the very same argument that petitioner is now advancing (albeit post-<u>Crawford</u>) regarding the admission at trial of certain out-of-court statements made to a witness named Gail Brown.  892 F.2d at 3-4.

Subsequently, after losing on direct appeal, Seeley filed two separate, successive habeas petitions pursuant to 28 U.S.C. §2255.  Both habeas petitions were denied by the District Court and these denials were affirmed by the First Circuit in two unpublished decisions.  <u>Seeley v. United States</u>, 57 F.3d 1061 (1st Cir. 1995); <u>Seeley v. United States</u>, 7 F.3d 219 (1st Cir. 1993).

## III.  <u>Argument</u>

As noted at the outset, Seeley's filing is really a §2255 petition rather than a §2241 petition because it attacks the validity of his conviction rather than the execution of his sentence.  <u>Barrett</u>, 178 F.3d at 50 n.10.  <u>See also</u> <u>United States v. DiRusso</u>, 535 F.2d 673, 674-76 (1st Cir. 1976); <u>Calvache v. Benov</u>, 183 F. Supp. 2d 124, 126 (D. Mass. 2001)("Typically, prisoners are permitted to use section 2241 to challenge the

execution of their sentences, not the validity of their

sentences"). As explained by the Second Circuit, in contrast to

§2255,

> a "motion pursuant to § 2241 generally
> challenges the **execution** of a federal
> prisoner's sentence, including such matters
> as the administration of parole, computation
> of a prisoner's sentence by prison officials,
> prison disciplinary actions, prison
> transfers, types of detention and prison
> conditions."

Jiminian v. Nash, 245 F.3d 144, 146 (2nd Cir. 2001) (emphasis in

original). See also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.

2000)(a § 2255 petition "provides the primary means of collateral

attack on a federal sentence" while a § 2241 petition "attacks

the manner in which the sentence is carried out or the prison

authorities' determination of its duration"); accord, Gonzalez v.

United States, 150 F. Supp. 2d 236, 241 (D. Mass. 2001).

Like other courts, the First Circuit has made clear that a

prisoner "cannot evade the restrictions of § 2255 by resort to

the habeas statute, 28 U.S.C. § 2241." Barrett, 178 F. 3d at 38.

Here, Seeley is challenging the validity of his conviction and

makes absolutely no claim concerning the conditions of his

confinement at FMC Devens or the manner in which the prison

authorities are implementing his sentence. Accordingly, his

petition is not cognizable under § 2241 and should be denied.

Moreover, Seeley's petition must be denied even if it is

deemed to be his third §2255 petition because he has not obtained

the appropriate certification by a panel of the court of appeals
as required by 28 U.S.C. §2255.  Congress, in enacting the
Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996,
"severely limited a petitioner's right of review under §2255.
Thus, **before** filing a second or successive §2255 petition in the
district court, the movant must 'move in the appropriate court of
appeals for an order authorizing the district court to consider
the application.'" Gonzalez (emphasis added), 150 F.Supp.2d at
241, citing 28 U.S.C. §§ 2244(a), 2244(b)(3)(A), 2255 and First
Circuit Local Rule 22.2.  Consequently, until Seeley obtains the
required certification by a panel of the court of appeals, he
cannot bring a third §2255 petition in the district court and his
current filing must be denied.

Indeed, Seeley will be unable to obtain the required
certification because his principal legal argument is wrong -
Crawford v. Washington, 541 U.S. 36 (2004), is **not** retroactive
and, hence, of no help to Seeley.  As indicated in McGonagle
cited above, the First Circuit is highly likely to follow the
Second Circuit (Mungo), the Sixth Circuit (Dorchy), the Seventh
Circuit (Murillo) and the Tenth Circuit (Brown) and conclude that
Crawford is not retroactive because it is a new, non-watershed
constitutional rule of criminal procedure and is therefore not
retroactive under the principles set forth by the Supreme Court
in Teague v. Lane, 489 U.S. 288 (1989).

## IV.  <u>Conclusion</u>

Accordingly, for the foregoing reasons, the government respectfully requests that Edward Seeley's habeas petition be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: October 27, 2005        By:   /s/ *Brian T. Kelly*
                                     Brian T. Kelly
                                     Assistant U.S. Attorney