# United States District Court
# District of Massachusetts

EDWARD W. SEELEY,
    Petitioner,

V.                          CIVIL ACTION NO. 2005-40110-JLT

DAVID L. WYNN,
    Respondent.

## *REPORT AND RECOMMENDATION ON PETITION PURSUANT TO 28 U.S.C. [sic] 2241, ETC. (#1)*

COLLINGS, U.S.M.J.

    Whether the petition be deemed to be brought pursuant to 28 U.S.C. § 2241 or § 2255 and whether leave to file the petition is required to be obtained from the Court of Appeals, the plain fact is that the petition is based on a single legal basis, i.e., that the Supreme Court's decision in *Crawford v. Washington,* 541 U.S. 36 (2004) is to be applied retroactively to cases on collateral review. The petitioner argues that it should, and if the ruling is

applied retroactively, his 1988 conviction in this Court (Zobel, D.J.) of charges in connection with a series of bank robberies must be vacated. The respondent, on the other hand, argues that the ruling in *Crawford* is not retroactive.

In my judgment, the respondent is correct. The overwhelming weight of authority is that the holding in *Crawford* is not to be applied retroactively to cases on collateral review. *See Murillo v. Frank,* 402 F.3d 786, 788-791 (7 Cir., 2005); *Dorchy v. Jones,* 398 F.3d 783, 788 (6 Cir., 2005); *Mungo v. Duncan,* 393 F.3d 327, 332-335 (2 Cir., 2004), *cert. denied,* 125 S. Ct. 1936 (2005); *Brown v. Uphoff,* 381 F.3d 1219, 1225-1228 (10 Cir., 2004), *cert. denied,* 125 S. Ct. 940 (2005); *Evans v. Luebbers,* 371 F.3d 438, 444 (8 Cir., 2004), *cert. denied,* 125 S. Ct. 902 (2005). The only Court which has held *Crawford* to be retroactive is a 2-1 decision by the Ninth Circuit Court of Appeals in *Bockting v. Bayer,* 399 F.3d 1010, 1014-1016 (9 Cir., 2005) with the dissenting judge opining that *Crawford* is not retroactive. A petition for rehearing in *Bockting* has been denied, 408 F.3d 1127 (9 Cir., 2005), a petition for rehearing *en banc* has been denied (with nine judges dissenting), 418 F.3d 1055 (9 Cir., 2005) and a petition for certiorari has been filed, 74 USLW 3308 (November 7,

2005).[1]

Although the First Circuit Court of Appeals has not ruled on the issue,[2] a District Judge has adopted a Magistrate Judge's Report and Recommendation which held that the holding in *Crawford* is not retroactive.  Specifically, on November 21, 2005, a district judge in Maine adopted the Report and Recommendation of Judge Kravchuk in which she held that the holding in *Crawford* is not retroactive. *Corey v. United States,* 2005 WL 2217959, * 4 (D. Me.), *adopted,* 2005 WL 3115873 (D. Me., 2005).

In addition, on November 30, 2005, Judge Stearns, in adopting a Report and Recommendation of Judge Dein, held that the holding in *Crawford* was not retroactive. *Tracy v. Olson,* ___ F. Supp. 2d ___, 2005 WL 3303857, * 2 (D. Mass., 2005).

I agree with the weight of authority and respectfully disagree with the Ninth Circuit's decision in the *Bockting* case.  Since the decision in *Crawford* is not to be applied retroactively to cases on collateral review, the petitioner's sole basis for relief disappears.

---

[1] The Fifth Circuit has granted a certificate of appealability on the issue of whether or not *Crawford* is to be applied retroactively to cases on collateral review. *Lave v. Dretke,* 416 F.3d 372, 379 (5 Cir., 2005).

[2] *See Horton v. Allen,* 370 F. 3d 75, 83 (1 Cir., 2004).

Accordingly, I RECOMMEND that the Petition, Etc. (#1) be DISMISSED.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

December 29, 2005.