United States District Court
District of Massachusetts

Civil Action No. 05-40110-JLT

**Edward W. Seeley,**
*Petitioner*

v.

**David L. Winn,**
*Respondents*

## Petitioner's Objections to the Magistrate Judge's Report and Recommendation

Pursuant to Fed. R. Civ. P. 72, Edward W. Seeley, the petitioner, objects to the report and recommendation by Magistrate Judge Robert Collings that his petition pursuant to 28 U.S.C. § 2241 be denied. The petitioner files these objections within ten days of his receipt of the report and recommendation, which is dated December 29, 2005. In particular, he objects to the following points:

Without reaching the merits of the petitioner's claim, the Magistrate Judge concluded that the holding of *Crawford v. Washington*, 541 U.S. 36 (2004) "is not to be applied retroactively to cases on collateral review." [Report

1

and Recommendation at 2]. In so ruling, the Magistrate Judge noted that the overwhelming majority of decisions of both the circuit courts and the District Judges in this circuit addressing this issue and have declined to apply *Crawford* retroactively. [Report and Recommendation at 2-3].

While the majority of courts may indeed have declined to apply *Crawford* retroactively, the matter is by no means settled. In fact, in his report and recommendation, the Magistrate Judge acknowledged that "the First Circuit Court of Appeals has not ruled on the issue". [Report and Recommendation at 3]. He also acknowledged that the Ninth Circuit Court of Appeals has held that *Crawford* is retroactive, *see Bockting v. Bayer*, 399 F.3d 1010, 1014-1016 (9th Cir. 2005) and that a petition for a writ of certiorari challenging the ruling in *Bockting* is now pending. Further, he correctly noted that the Fifth Circuit Court of Appeals has allowed a certificate of appealability to determine this issue in that circuit. *Lave v. Dretke*, 416 F.3d 372, 379 (5th Cir. 2005). While the Magistrate Judge appears to suggest that the matter is

fairly well settled, Federal courts have struggled with the issue of retroactivity, and no consensus has thus far emerged.

Moreover, in arguing that *Crawford* should apply in the present circumstances, the retroactivity analysis that the courts have focused on may be a red herring. The petitioner contends that the Court in *Crawford* did not announce a new rule but simply recognized a fundamental right—one that should have been recognized in Seeley's trial and in his direct appeal. Indeed, if the right to confront witnesses is ultimately recognized as fundamental, review of his case will absolutely be required.

The right of a criminal defendant "[i]n all criminal prosecutions ... to be confronted with the witness against him", see U.S. Const. Amend. VI, is not simply a right created by the judiciary in *Crawford* but is an enumerated fundamental right, which can never be taken away. "[F]undamental rights are those that 'explicitly or implicitly [are] guaranteed by the Constitution.'" *Plyler v. Doe*, 457 U.S. 202, 232 (1982) (Blackmun, J. concurring),

quoting *San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 33-34 (1973). "Fundamental rights" are those privileges "that are objectively, and deeply rooted in this Nation's history and tradition, so rooted in the traditions and conscience of our people as to be ranked as fundamental and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." See *Washington v. Glucksberg*, 521 U.S. 702, 720-721 (1997).

Historically, the Court followed a path that it ultimately recognized as misguided, eroding the right to confront adverse witnesses. By 1970 the fundamental right of witness confrontation in a criminal proceeding had been so eroded that the Court wrote that the "mission of the Confrontation Clause is to advance a practical concern for the accuracy of the truth-determining process in criminal trials by assuring that 'the trier of fact (has) a satisfactory basis for evaluating the truth of the prior statement.'" *Dutton v. Evans*, 400 U.S. 74, (1970), quoting *California v. Green*, 399 U.S. 149, 161 (1970). A decade later the Court wrote that wrote that "[i]f one were to read

4

[the] language [of the Sixth Amendment] literally, it would require, on objection, the exclusion of any statement made by a declarant not present at trial[,]" which the Court again "rejected as unintended and too extreme." *Ohio v. Roberts*, 448 U.S. 56, 63 (1980).

Ultimately, the Court in *Crawford* rejected the judicial erosion of the Confrontation Clause as exemplified by *Roberts*, instead adopting a literal reading of the text of the Constitution. In doing so, the Court did not announce a new rule and did not recognize a new right. While the pleadings filed by both parties address terms such as retroactivity and "new" rights, it is important to distinguish between a right recognized for the first time by the judiciary and one that is deemed fundamental. [Petition Pursuant to § 2241, p.6].

Under this analysis, the government is correct that *Crawford* does not announce a new rule. However, if the right to confront witnesses is deemed to be fundamental, it should not have been taken away from Seeley by judicial fiat but was a right he should have enjoyed at the time of his trial and appeal. While Seeley recognized the

applicability of that right at trial and in post-conviction proceedings, the courts did not. In effect, that right was suppressed. The Eighth Circuit once wrote that "[a]lthough a law or rule be fair and just in appearance, yet if it is applied and administered by public authority with an evil eye and an oppressive hand, so as to deprive a person of his fundamental rights, it cannot be sustained." *Whitfield v. Hanges*, 222 F. 745, 751 (8th Cir. 1915). Here, decisions of the Court deprived him of a fundamental right, and significantly, the deprivation of that right almost certainly resulted in his conviction in circumstances where he otherwise would have been acquitted. The out-of-court statements were powerful evidence that the defendant simply could not refute. Where Seeley was deprived of his fundamental rights and where that deprivation virtually guaranteed his conviction, "neither liberty nor justice" existed at his trial. *See Washington v. Glucksberg*, 521 U.S. at 720-721. Contrary to the conclusion of the Magistrate Judge, this court should address the merits of his petition for relief,

6

and he objects to the recommendation to the extent that it declines to reach the merits of his claim.

> Edward W. Seeley,
> *By his attorneys,*
>
>
> Dana Alan Curhan
> B.B.O. # 544250
>
>
> Brad P. Bennion
> B.B.O. # 661222
> 101 Arch Street
> Suite 305
> Boston, Massachusetts 02110
> (617) 261-3800